UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------
MICHELLE BURGOS,

                            Plaintiff,

-vs-                                                                   CIVIL ACTION
                                                                         JURY TRIAL
                                                                         DEMANDED

P.O. RANDALL GRENIER,
P.O. NICHOLAS BIELOWICZ,
GENEVA CITY POLICE CHIEF JEFFREY E. TRICKLER
Each individually and in their representative capacity,
And The CITY OF GENEVA,

                            Defendants.
-----------------------------------------------------------------------

## INTRODUCTION

This is a civil action seeking compensatory and punitive damages against police officers of the City of Geneva Police Department, the police chief of the City of Geneva, and the City of Geneva, New York, for committing acts under the color of law amounting to police misconduct which deprived the Plaintiff of her rights under the United States Constitution and the laws of the United States, and the State of New York, and which were contrary to the provisions of Title 42 USC §1983.

The defendants engaged in conduct on or about August 8, 2012 and thereafter that included violations of the plaintiff's constitutional rights while acting under color of law as police officers, and thereby caused plaintiff's injury, including physical injury and damages.

On or about August 8, 2012, Geneva Police officers unlawfully entered the home of Plaintiff MICHELLE BURGOS and forcibly and unlawfully detained and assaulted

plaintiff, and unlawfully seized and arrested her without probable cause. The defendant officers acted in concert with each other to commit the unlawful conduct in detaining and assaulting the plaintiff, who was an innocent citizen in Geneva, NY, and unlawfully seized and arrested her and entered and searched her home, all without lawful cause or justification.

The City of Geneva and the Chief of Police Jeffrey E. Trickler are liable for the Plaintiff's damages for failure to instruct, supervise, control and discipline the City's police officers, which failures were the result of an official policy and custom, and practice of the City police department; Chief Trickler was deliberately indifferent and took no action to eliminate or prevent the unconstitutional conduct within the department which amounted to policy, practice, and custom on the part of the department and officers, all of which caused the Plaintiff's damages as specifically set forth below.

Defendant City Of Geneva and Defendant Geneva Police Department officers were properly served with a Notice of Claim under New York State General Municipal Law, §50-e on or about October 9, 2012 and conducted a 50-h hearing on January 23, 2013 and despite due demand, have failed or refused to pay these claims for more than 30 days thereafter.

**PARTIES**

1. Plaintiff, MICHELLE BURGOS, is an adult individual and a citizen of the United States and a resident of the State of New York, having at all times hereinafter stated an address at 82 State Street Apt. 2 Geneva, NY 14456.

2. Defendants, Police Officers Randall Grenier and Nicholas Bielowicz, were at all times relevant and material hereto, adult individuals and citizens of the State of

New York, and working as police officers of the City of Geneva Police Department, and were acting in such capacity as agents, servants, and employees of the City of Geneva and its police department, and were further acting under the direction, management, and control of the City of Geneva and the Geneva Police Department and its police chief and other supervisors, and were further acting pursuant to either official policy or the custom, practice or usage of the City of Geneva and its police department and its supervisors.

4. Defendant, Police Chief Jeffrey E. Trickler (hereinafter "defendant Chief Trickler") at all times relevant and material hereto, the Chief of Police for the City of Geneva and as such, the highest ranking police officer in the department and the commanding officer of defendant officers, and was responsible for the training, supervision, discipline and conduct of the defendant officers, as more fully set forth herein. Defendant Chief Trickler is further responsible by law for setting, reviewing and/or enforcing the regulations of the Geneva Police Department and for ensuring the City of Geneva police officers obey the laws of the State of New York, and the United States of America. Defendant Chief Trickler has a business address at the Geneva Police Department, 255 Exchange St., Geneva NY 14456.

5. At all times relevant and material, defendant Chief Trickler was acting in such capacity as an agent, servant and employee of the Geneva Police Department and was acting under the management, direction and control of the City of Geneva, and was further acting pursuant to either official policy or custom and practice of the Geneva Police Department. At all times relevant and material, defendant Chief Trickler was the policymaker for the Geneva Police Department in all matters that are alleged herein. In the alternative, defendant Chief Trickler participated in the promulgation of policy for the

Geneva Police Department and was directly responsible for its implementation in whole or in part.

6. Defendant City of Geneva is a municipal corporation or other form of municipal government, organized and existing under the laws of the State of New York. At all times relevant and material, the City of Geneva acted by and through its City Council and its officers, agents, servants, and/or employees, who at all times relevant and material acted within the scope of their authority as persons who set, reviewed and/or enforced, as policymakers, certain policies regarding the conduct and actions of police officers employed by the City of Geneva, including defendant police officers and Chief Trickler. The City of Geneva has a business address at City Hall, 47 Castle St., Geneva NY 14456.

7. Plaintiff MICHELLE BURGOS sues defendant Police Officers Randall Grenier, Nicholas Bielowicz, and defendant Chief Trickler in both their individual and official capacities.

8. At all times relevant and material, defendant officers and defendant Chief Trickler acted under color of the laws, statutes, ordinances, regulations, policies, customs, and usages of the State of New York, the City of Geneva, and the Geneva Police Department, and pursuant to their authority as police officers, and Police Chief respectively of the Geneva Police Department.

## JURISDICTION AND VENUE

9. This District Court has jurisdiction over the actions of the defendants pursuant to Title 42 U.S.C., §1983, 28 U.S.C., §1343, and 28 U.S.C. §1331, in that the causes of action arise under Title 42 U.S.C 1983, and 1988, and under the 4th, 8th and

14th Amendments of the United States Constitution. Plaintiff further invokes the pendent and ancillary jurisdiction of this Court to adjudicate claims arising under the laws of the State of New York.

10. Venue is proper in this judicial district pursuant to Title 28 U.S.C., 1391(e), in that all the defendants reside in this district, and the events, acts, or omissions giving rise to the claims occurred in this district, and no real property is involved, and that plaintiff resides in this district.

## FACTUAL BACKGROUND

11. On or about August 8, 2012, plaintiff MICHELLE BURGOS, arrived home from shopping when Police Officers Randall Grenier and Nicholas Bielowicz arrived at 82 State Street, Geneva, NY and unlawfully entered her home at that address. The named defendants stopped and searched plaintiff MICHELLE BURGOS in the hallway and forcibly placed her against the wall of the premises. The defendants thereafter laid their hands on her body and searched her and arrested and handcuffed her. The plaintiff was taken inside her apartment by the officers while she was in custody and then taken out of the building and transferred to the police station in a marked police vehicle. Plaintiff MICHELLE BURGOS was taken into the police lockup and handcuffed to a wall inside the police station. The defendants, acting in concern with each other, assaulted plaintiff MICHELLE BURGOS by twisting her arms and wrists without just cause thereby causing serious bodily injuries to plaintiff. The defendants arrested plaintiff without probable cause and unlawfully jailed her for a substantial time until her release later that day.

12. During the course of defendant officers' activities, the defendants made verbal threats and used indignant and mocking language towards Plaintiff to humiliate her.

13. Due to the malicious and unlawful treatment of Plaintiff by Police Officers RANDALL GRENIER and NICHOLAS BIELOWICZ, Plaintiff MICHELLE BURGOS suffered physical and emotional injuries including aggravation of pre-existing wrist injuries, and causing serious damage to both her wrists, ligaments and bones, and necessitating medical care and treatment, including surgery and resulting in permanent injuries and past and future conscious pain and suffering.

## COUNT I
### Excessive Use of Force
### Cognizable under Title 42 U.S.C. §1983

14. Plaintiff incorporates herein by reference Paragraphs 1 through 13, inclusive, as though the same were fully set forth herein.

15. At all times relevant and material, Defendant Police Officers Randall Grenier and Nicholas Bielowicz present acted against Plaintiff without cause, provocation, justification or excuse, or warning and Plaintiff was in fear of harm and danger to her person.

16. At no time did Plaintiff resist arrest by Defendants Police Officers Randall Grenier and Nicholas Bielowicz, or offer violence or threaten either Defendants Police Officers Randall Grenier and Nicholas Bielowicz or any other police officer, or third party.

17. Plaintiff had committed no crime, but the named Defendant officers, and each of them, acting under color of law, forcibly seized, assaulted and arrested and handcuffed Plaintiff without any basis in fact.

18. As a direct and proximate result of the aforesaid unlawful and malicious physical abuse, by Defendant Police Officers Randall Grenier and Nicholas Bielowicz and other defendant members of the Geneva police department, committed under color of law and their individual authority as police officers of the City of Geneva, Plaintiff suffered bodily harm and was deprived of her right to be secure in her person, against unreasonable seizure of her person, and the excessive use of force, in violation of the 4th and the 8th and 14th Amendments of the United States Constitution and Title 42 U.S.C. §1983.

19. As a direct and proximate result of the malicious and outrageous conduct of the Defendants Police Officers Randall Grenier, Nicholas Bielowicz, as described aforesaid, the Plaintiff suffered serious injuries including to her arms, wrists, shoulders and back, which required immediate emergency care and included blunt force trauma injuries, and severe shock to her nerves and nervous system, including conscious pain and suffering.

20. By reason of the above described occurrences, Plaintiff was rendered sick, sore, lame, injured and disabled, and made to go undergo great mental and physical anguish and physical pain, as a result of which she has suffered, yet suffers, and will continue to suffer for an indefinite period of time in the future.

21. Plaintiff has been compelled, in order to affect a cure for the aforesaid injuries, to incur medical bills for medicine and treatment and she will be required to incur further medical special damages in the future.

22. As a result of the foregoing, Plaintiff has sustained such injuries as a result of which she has been required and will be obliged to receive medical attention and care and will incur various medical expenses.

23. As a result of the malicious and outrageous conduct of Defendant police officers, and other members of the Geneva Police Department, the incident and injuries sustained thereby, Plaintiff has and will hereinafter incur future damages, conscious pain and suffering losses, which will exceed amounts she may be otherwise entitled to recover.

24. The acts and conduct of Defendant police officers were intentional, willful, wanton and malicious, or done with wanton disregard, entitling Plaintiff to an award of punitive damages against defendants Police Officers Randall Grenier and Nicholas Bielowicz in their individual capacities.

25. Plaintiff is entitled to an award of attorney's fees and costs as the prevailing party on the claim, under Title 42 U.S.C. §1983.

WHEREFORE, Plaintiff, MICHELLE BURGOS, demands judgment against defendant officers in their official capacity as police officers of the City of Geneva, and in their individual capacity for monetary and compensatory damages, incidental and consequential damages, exemplary and/or punitive damages, costs of this action, interest, attorneys' fees and such other relief as the Court deems just and proper.

## COUNT II
### Unlawful Search and Seizure of Plaintiff Michelle Burgos
### Cognizable under Title 42 U.S.C. §1983.

26. Plaintiff incorporates herein by reference Paragraphs 1 through 25, inclusive, as though the same were more fully set forth herein.

27. No probable cause or legal justification existed for the entry and search of Plaintiff's home, or the arrest or the search and seizure or the use of force against Plaintiff by Defendants Police Officers Randall Grenier and Nicholas Bielowicz.

28. In the alternative, probable cause, if any, existed, by any standard of reasonableness, was objectively insufficient and fell below that which is required under the 4th and 14th Amendments of the United States Constitution.

29. The conduct of Defendants Police Officers Randall Grenier, and Nicholas Bielowicz was further violative of the constitutional rights of Plaintiff because their conduct was motivated, not by probable cause to arrest and detain, and prosecute, but by improper and unjust and discriminatory motives. Plaintiff was actually innocent and was manhandled, grabbed, forced against a wall, bodily searched, arrested and detained with excessive force by Defendants Police Officers Randall Grenier and Nicholas Bielowicz in violation of her rights under the United States Constitution.

30. Defendant officers acting as aforesaid in their individual and official capacities, falsely, maliciously and unlawfully arrested and detained, and committed assault and battery on the Plaintiff, and she was thereby deprived of her right to be free from unreasonable and unlawful seizure of her person, to the equal protection of laws, and due process of law, in violation of the 4th and 14th Amendments of the Constitution of the United States, and Title 42 U.S.C. §1983.

31. As a result of the foregoing, Plaintiff suffered personal, physical and mental injuries and sustained damages including blunt force trauma injuries, severe bruises, contusions, and abrasions to her wrists, arms, shoulders and back, and severe shock to her nerves and nervous system, including conscious pain and suffering, and necessitating medical treatment and resulting in special medical damages and other consequential losses.

32. The acts and conduct of Defendants were intentional, willful, wanton and malicious, or done with wanton disregard, entitling Plaintiff to an award of punitive damages against Defendants Police Officers Randall Grenier and Nicholas Bielowicz in their individual capacities.

WHEREFORE, Plaintiff MICHELLE BURGOS demands judgment against Defendants, in their official capacity as police officers of the City of Geneva, and in their individual capacity, for monetary and compensatory damages, incidental and consequential damages, exemplary and/or punitive dames, costs of this action, interest, attorneys' fees, and such other relief as the Court deems just.

### COUNT III
### False Arrest and Malicious Prosecution of
### Plaintiff MICHELLE BURGOS
### Cognizable under Title 42 U.S. C. §1983

33. Plaintiff incorporates herein by reference Paragraphs 1 through 32, inclusive, as though the same were more fully set forth at length.

34. Defendants Police Officers Randall Grenier and Nicholas Bielowicz acted as aforesaid in their individual and official capacity, falsely, maliciously and unlawfully arrested and prosecuted the Plaintiff without probable cause or valid legal process,

thereby causing Plaintiff to be deprived of her rights under the 4th and 14th Amendments of the Constitution of the United States and Title 42 U.S.C. §1983.

35. As a result of the foregoing, Plaintiff suffered personal, physical and mental injuries and sustained damages as more fully set forth above.

36. The acts and conduct of Defendants Police Officers Randall Grenier and Nicholas Bielowicz were intentional, willful, wanton and malicious, or done with wanton disregard, entitling the Plaintiff to an award of punitive damages against Police Officers Randall Grenier and Nicholas Bielowicz in their individual capacity.

WHEREFORE, Plaintiff, MICHELLE BURGOS, demands judgment in her favor against Defendant Police Officers Randall Grenier and Nicholas Bielowicz in their official capacities as police officers of the City of Geneva and in her individual capacity, for monetary and compensatory damages, incidental and consequential damages, exemplary and/or punitive damages, costs of this action, interest, attorneys' fees as such other relief as the Court deems just.

## COUNT IV
### Liability against the City of Geneva
### Cognizable under Title 42 U.S.C. §1983

37. Plaintiff incorporates herein by reference Paragraphs 1 through 36, inclusive, as though the same were more fully set forth at length.

38. There exists within the Geneva Police Department policies or customs, practices and usages that are so pervasive that they constitute the policy of the Department, that caused the constitutional deprivations of the Plaintiff as more fully set forth above.

39. The policies, customs, practices and usages that exist are:

A. To physically assault and strike citizens at will, without regard for the need of force, and without regard for the legality of its use.

B. To unlawfully strike citizens who have been subdued and handcuffed.

C. To unlawfully engage in searches and seizures of persons and places while acting under color of law.

D. To file and prosecute cover charges in encounters with citizens in which the officer or officers have improperly used force, or excessive force; such charges and prosecutions are used to justify the use of force and to protect police officers from liability for their improper conduct.

E. To conspire with others in the prosecution of such cover charges.

F. To act individually and to conspire with others to prevent the truth about the violence and transgressions of the other officer or officers from being known, by lying or by failing to report such transgressions.

G. To use private cell phones to communicate with each other while on duty in order to avoid creating official recordings of their activities and communications where improper conduct occurs.

H. To intentionally supervise, manage and review disciplinary complaints involving police misconduct in such a manner that legitimate citizen complaints almost never result in censure or discipline.

I. To propogate such practices and customs with knowledge that citizens would suffer harm, as the police officers operated under the belief that they would never suffer reprisal for their misconduct.

40. The City of Geneva is vested with the authority to train, supervise, discipline and control the officers of the Geneva Police Dept.

41. The City of Geneva has effectively abrogated the power to so train, supervise, discipline and control the officers of the Geneva Police Dept. by failing to act in the face of transgressions and police misconduct, of which the City of Geneva knew or should have known.

42. As the lawfully designated policy making body for the City of Geneva Police Dept., the City of Geneva has the power and responsibility to prevent the existence of the policies and practices as aforesaid described and has refused to so act.

43. The failure of the City of Geneva to so act in the face of constitutionally violative conduct as described above, has caused the constitutional deprivation suffered by the Plaintiffs.

44. The City of Geneva is the policy maker for the Geneva Police Dept., and the failure of the City of Geneva to affirmatively act in the face of transgressions about which it knew or should have known establishes the policy of the City of Geneva to condone, or acquiesce, constitutionally violative conduct, and that constitutionally violative conduct as set forth above.

45. Had the City of Geneva affirmatively acted to properly train the officers of the Geneva Police Dept. or to properly supervise the officers, or to discipline the officers when the officers conducted themselves in constitutionally violative ways, the constitutional deprivation of the Plaintiff would not have occurred.

46. The Geneva Police Dept. and the City of Geneva, acting as aforesaid, are aware or should have been aware, of the foregoing policies, customs, practices and

usages within the Geneva Police Dept., however, did nothing to prevent or stop the practices and activity.

47. In its failures, the City of Geneva intentionally disregarded known facts, or alternatively, was deliberately indifferent to a risk of the constitutional violation which they knew or should have known, and its culpability caused the constitutional violations of the Plaintiff.

48. As a result of the foregoing, the Plaintiff suffered personally, physical and mental injuries and sustained damages as more fully set forth above.

WHEREFORE, Plaintiff, MICHELLE BURGOS, demands judgment in her favor against Defendant City of Geneva for monetary and compensatory damages, incidental and consequential damages, exemplary and/or punitive damages, costs of this action, interest, attorney's fees as such other relief as the Court deems just.

## COUNT V
### Supervisory liability against Geneva Police Chief Defendant Jeffrey E. Trickler under Title 42 U.S.C. §1983

49. Plaintiff incorporates herein by reference Paragraphs 1 through 48 inclusive, as though the same were more fully set forth at length.

50. Chief of Police Jeffrey E. Trickler was at all relevant times delegated by the City of Geneva, with the power and authority to discipline, supervise, manage and control the actions and conduct of the officers of the Geneva Police Dept.

51. Defendant Chief Trickler failed and refused to properly train, discipline, supervise and control the actions and conduct of the officers of the Geneva Police Dept.

52. Defendant Chief Trickler was the policy maker for the Geneva Police Dept., and the failure of Defendant Trickler to affirmatively or effectively act in the face

of transgressions about which he knew, or should have known, establishes the policy of Defendant Chief Trickler to condone and tolerate constitutionally violative conduct, and more specifically, that constitutionally violated the conduct as set forth above.

53. Had Defendant Chief Trickler affirmatively acted to properly train the officers of the Geneva Police Dept., or to properly supervise the officers or to discipline the officers when the officers conducted themselves in constitutionally violative ways, the constitutional deprivation of the Plaintiff would not have occurred.

54. The Geneva Police Dept., and Defendant Chief Trickler acting as aforesaid, are aware, or should have been aware, of the foregoing policies, customs, practices and usages within the Geneva Police Dept., however, did nothing to prevent or stop the practices and activity.

55. In his failures, Defendant Chief Trickler intentionally disregarded known facts or alternatively was deliberately indifferent to a risk of the constitutional violations, of which he knew or should have know, and his culpability caused the constitutionals violations of the Plaintiff.

56. As a result of the foregoing, Plaintiff suffered personal, physical and mental injuries, and sustained damages as more fully set forth above.

57. The acts and conduct of Defendant Chief Trickler were intentional, willful, wanton and malicious, and were performed with a high degree of probability of knowing or having reason to know that certain consequences, harm and damages flowed from defendants' conduct would be suffered by the Plaintiff, entitling the Plaintiff to an award of punitive damages against Defendant Chief Trickler in his individual capacity.

WHEREFORE, Plaintiff, MICHELLE BURGOS, demands judgment in her favor against Defendant JEFFREY E. TRICKLER, Police Chief for the City of Geneva, for monetary and compensatory damages, incidental and consequential damages, exemplary and/or punitive damages, costs of this action, interest, attorneys' fees as such other relief as the Court deems just.

## COUNT VI
### Gross Negligence and Unlawful Use of Force Cognizable under 42 USC § 1983

58.  Plaintiff incorporates herein by reference Paragraphs 1 through 57, inclusive, as though the same were more fully set forth at length herein.

59.  Defendant Police Officers Randall Grenier and Nicholas Bielowicz were grossly negligent in causing or allowing to be caused physical harm and serious bodily injury to Plaintiff MICHELLE BURGOS, and in searching her and her home without valid legal process or authority.

60.  By the Defendant Police Officers Randall Grenier and Nicholas Bielowicz actions, and those of the other named defendants, Plaintiff was in fear and expected to suffer immediate physical and bodily harm and injury and did suffer such injuries.

61.  Defendant Police Officers Randall Grenier and Nicholas Bielowicz, while acting with the other named defendants, unlawfully inflicted physical harm and bodily injury upon Plaintiff without lawful justification.

62.  The acts and omissions of Defendant Police Officers Randall Grenier and Nicholas Bielowicz were careless and grossly negligent and done with wanton disregard, and through no fault of her own, caused Plaintiff's bodily injuries and damages.

63. City of Geneva and Defendant Chief Jeffrey E. Trickler are liable for the harm, consequences and damages suffered by Plaintiff at the hands of Defendant Police Officers Randall Grenier and Nicholas Bielowicz, under the theory of respondeat superior and vicarious liability, jointly and severally.

64. The acts and conduct of the defendants, and the harm and damages flowing from defendants' conduct suffered by the Plaintiff, entitles the Plaintiff to an award of compensatory damages against the individual defendants, and each of them.

WHEREFORE, Plaintiff, MICHELLE BURGOS, demands judgment in her favor and against defendants RANDALL GRENIER and NICHOLAS BIELOWICZ and the CITY OF GENEVA, jointly and severally for monetary and compensatory damages, incidental and consequential damages, costs of this action, attorney fees and interest and such other and further relief as the Court deems just and proper.

/s/ Nelson S. Torre
NELSON S. TORRE, ESQ.
Attorney for Plaintiff
910 Main Court Building
438 Main Street
Buffalo NY 14202
(716) 854-2808

Dated: September 23, 2013
Buffalo, New York